UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:19-cv-2118 KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. WOODFILL, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint is before the court.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff claims that on May 8, 2019, defendant Woodfill verbally threatened to kill plaintiff with Woodfill's baton, and denied plaintiff access to the law library and to the yard, all because plaintiff does not speak English.  Plaintiff identifies his claims as retaliation, cruel and unusual punishment, "threat of death" or to safety, discrimination, and access to the courts.  (ECF No. 13 at 5.)

////

////

Discussion

Equal Protection Clause -- Fourteenth Amendment

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). However, this does not mean that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993).

To state a claim under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) he is a member of a protected class and (2) that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). Or, in the alternative, plaintiff must show that he was intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff only speaks Spanish, alleges racial discrimination, and appears to be Hispanic. Liberally construed, plaintiff contends that defendant discriminated against plaintiff due to his ethnicity because plaintiff does not speak English. Specifically, defendant intentionally discriminated against plaintiff on the basis of his membership in a protected class, and defendant's refusal to allow plaintiff access to the law library and to the yard served no legitimate state purpose. Rather, defendant's actions were solely based on plaintiff's inability to speak English. Therefore, for the limited purposes of § 1915A screening, finds that plaintiff's amended complaint states a potentially cognizable Fourteenth Amendment claim against defendant Woodfill. See 28 U.S.C. § 1915A.

Plaintiff's Remaining Claims

Plaintiff may proceed forthwith to serve defendant Woodfill and pursue plaintiff's Fourteenth Amendment claims or he may delay serving defendant and attempt to amend again to state additional cognizable claims. Plaintiff's additional putative claims are discussed below.

////

////

Access to the Courts

With regard to plaintiff's allegation that he was denied access to the law library, plaintiff claims that he lost two or three court deadlines. But plaintiff must specifically identify each "actual injury" he suffered.

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

Thus, plaintiff cannot merely allege that he lost "more than two court deadlines." (ECF No. 13 at 4.) Rather, plaintiff must identify the type of court case, and explain the specific loss he suffered as a result of defendant's actions. Plaintiff is granted leave to amend his access to the courts allegations.

Access to the Yard

Plaintiff's allegations concerning his denied access to the yard appear to suggest he was deprived of yard access on May 8, 2019. Plaintiff mentions June 9, 2019, but identifies that date as the date he was denied access to the law library. (ECF No. 13 at 5.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, as

4

1   "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the
2   conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.
3   What is needed to show unnecessary and wanton infliction of pain "varies according to the nature
4   of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing
5   Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim, the plaintiff must show,
6   objectively, that he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S.
7   825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also show
8   that each defendant had, subjectively, a culpable state of mind in causing or allowing plaintiff's
9   deprivation to occur. Farmer, 511 U.S. at 834. Thus, prison officials may be held liable under
10  the Eighth Amendment for denying humane conditions of confinement only if they know that
11  inmates face a substantial risk of harm and they disregard that risk by failing to take reasonable
12  measures to abate it. Id. at 847.

Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, depending on the circumstances. Richardson v. Runnels, 594 F.3d 666 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010). While the "temporary denial of outdoor exercise with no medical effects is not a substantial deprivation," Vance, 591 F.3d at 1070 (internal quotation and citation omitted), when an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific. In determining whether a deprivation of outdoor exercise is sufficiently serious, the court must consider the circumstances, nature, and duration of the deprivation. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).

The Ninth Circuit has clarified the elements necessary to state a deprivation that would rise to the level of an Eighth Amendment violation:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

5

Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000). Nevertheless, "the Ninth Circuit has not identified a specific minimum amount of weekly exercise that must be afforded" under the Eighth Amendment." Jayne v. Bosenko, 2009 WL 4281995, at *8 (E.D. Cal. Nov. 23, 2009) (citation omitted). Indeed, complete denial of outdoor exercise for a month is not unconstitutional. Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (denial of yard time for a month not unconstitutional); May v. Baldwin, 109 F.3d 557, 565-66 (9th Cir. 1997) (denial of yard time for 21 days not unconstitutional). However, in Lopez, the Ninth Circuit found that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim. Lopez, 203 F.3d at 1132-33. Furthermore, for a temporary denial of exercise to be actionable, plaintiff must demonstrate an adverse medical impact. Id., 203 F.3d at 1133 n.15 ("the clear implication of May is that temporary denials of outdoor exercise must have adverse medical effects to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of effects.").

Here, plaintiff again meets the subjective prong of his Eighth Amendment claim by alleging facts showing defendant's deliberate indifference based on defendant's alleged refusal to allow plaintiff to attend yard simply because plaintiff does not speak English. However, as plaintiff was previously informed, the denial of access to the yard on one occasion fails to state an Eighth Amendment claim.

In addition, plaintiff now claims "damages of health." (ECF No. 13 at 5.) But plaintiff fails to identify a specific adverse medical impact caused by his inability to attend yard. As set forth above, for claims alleging temporary denials of outdoor exercise, plaintiff must have suffered "adverse medical effects to meet the eighth Amendment test." Lopez, 203 F.3d at 1133 n.15. It is unclear whether plaintiff suffered such adverse medical effects from the alleged temporary denial of yard access.

It is unclear that plaintiff can allege facts demonstrating an Eighth Amendment violation based on the deprivation of yard access. However, plaintiff is granted leave to amend should he be able to set forth facts meeting the required elements discussed above.

////

<u>Retaliation</u>

Finally, plaintiff claims he is pursuing a retaliation cause of action.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to identify conduct protected by the First Amendment that plaintiff contends caused defendant to take adverse action against plaintiff. Specifically, protected conduct is usually the filing of administrative grievances or court actions. Here, plaintiff claims that defendant committed retaliation when defendant called plaintiff "a piece of shit." (ECF No. 13 at 4.) However, verbal insults are not protected under the First Amendment. Similarly, to the extent plaintiff believes that defendant retaliated against plaintiff because plaintiff does not speak English, such action does not implicate conduct protected under the First Amendment.

Thus, it is unclear whether plaintiff can allege facts supporting a retaliation claim, but he is granted leave to amend.

<u>Court Does Not Investigate</u>

In his amended complaint, plaintiff states that "you can request the video," "you can check" in connection with his alleged lost court deadlines, and "you can request to . . . review all videos" to determine when defendant Woodfill would not let plaintiff attend yard. (ECF No. 13 at 3, 4.) However, plaintiff is responsible for prosecuting his own action. Plaintiff must document facts supporting the allegations raised in his second amended complaint. The court does not investigate facts or evidence for litigants. Rather, plaintiff must investigate his own claims and obtain his own evidence to support such claims.

////

Plaintiff's Options

If plaintiff elects to proceed forthwith against defendant Woodfill, against whom plaintiff has stated a potentially cognizable Fourteenth Amendment claim for relief, then he must notify the court so that service of process may be accomplished. In this event the court will construe plaintiff's election as consent to dismiss the remaining claims against defendant Woodfill without prejudice.

If plaintiff elects to attempt to amend his complaint to state additional cognizable claims for relief, he has thirty days in which to do so. Plaintiff is not required to amend his complaint.

Plaintiff is advised that in any second amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendant has fair notice of the claims plaintiff is presenting.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In the second amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

////

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient to state a potentially cognizable Fourteenth Amendment claim against defendant D. Woodfill. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to his Fourteenth Amendment claim against defendant, plaintiff shall complete and return the appended Notice of Election form. The court will then order service of process on defendant Woodfill, who will be required to respond to plaintiff's

9

allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the remaining claims against defendant Woodfill without prejudice.

2. The remaining claims against defendant Woodfill are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state additional cognizable claims against defendant Woodfill.  If plaintiff chooses this option, he must complete and return the appended Notice of Election form along with his second amended complaint.  However, plaintiff is not required to amend his complaint.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  June 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ruiz2118.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>         Plaintiff,<br><br>    v.<br><br>D. WOODFILL,<br><br>         Defendant. | No. 2:19-cv-2118 MCE KJN P<br><br>NOTICE OF ELECTION |

Plaintiff makes the following election in compliance with the court's order filed

_____.

\_\_\_\_\_ Plaintiff opts to proceed solely as to his Fourteenth Amendment claim against defendant Woodfill, and consents to the dismissal of plaintiff's remaining claims without prejudice

OR

\_\_\_\_\_ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
                         Plaintiff