UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. WOODFILL,<br><br>　　　　Defendant. | No. 2:19-cv-2118 MCE KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the court.

<u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Second Amended Complaint

On the complaint form, plaintiff identifies his claims as "threat of dea[th]," unusual punishment, retaliation, access to the court, delay of process.  (ECF No. 19 at 3.)  Specifically, plaintiff claims that from November 1, 2018, until December 2019, defendant Woodfill denied plaintiff access to the yard and to the law library.  On May 8, 2019, when plaintiff asked defendant why he would not take plaintiff to yard, defendant responded, "Because you are piece of shit," referring to plaintiff's conviction and told plaintiff that Woodfill would "hit you[r] head with my baton until that kill[s] you."  (ECF No. 19 at 3.)  Plaintiff claims he lost two deadlines in

1   case Nos. 1:19-cv-0048 AWI and 1:17-cv-1407 DAD SKO.  (ECF No. 19 at 3.)  Plaintiff claims

2   he was injured only in delay of process because he requested extensions of time, and thinks he

3   lost a deadline, but cannot prove it because he sent all his original requests to the court.  (ECF No.

4   19 at 3.)  Later, plaintiff explains that he did not lose cases because he was granted extensions of

5   time; his injury was only delay of process, possibly in cases No. 1:17-cv-1407 DAD SKO, No.

6   18-cv-0330 DMS-M, No. 1:19-cv-0048 AWI, No. 2:19-cv-01146 TLN DMC.  (ECF No. 19 at

7   11.)

8         Plaintiff avers that defendant Woodfill began threatening plaintiff on May 8, 2019.

9   Plaintiff claims he did not have yard access for more than 60 or 70 days, and claims he sought

10  medical care but was never called to be seen by the doctor.  (ECF No. 19 at 11.)  When he asked

11  law library staff why plaintiff was not called to the law library, plaintiff was told that plaintiff was

12  called, but defendant Woodfill responded that plaintiff had refused, which plaintiff denies.

13  Plaintiff claims that defendant began such retaliation against plaintiff when in November 2018

14  there was a verbal confrontation over the covering of plaintiff's windows, and plaintiff told

15  defendant Woodfill to "Shut up, stupid!"  (ECF No. 19 at 12.)  Woodfill also told plaintiff he

16  denied plaintiff all programming because he could not understand plaintiff, you don't speak

17  English.  Plaintiff claims Woodfill's statements referred to plaintiff's nationality and is

18  discrimination based on race.  (ECF No. 19 at 12.)

19        Plaintiff provided the declaration of inmate Julian Rodriguez who declares that he

20  witnessed defendant Woodfill's racial comments to plaintiff about plaintiff's nationality and

21  language, and repeated denials of plaintiff's request for access to the yard and the law library.

22  (ECF No. 19 at 14.)  Rodriguez claims he heard Woodfill threaten plaintiff that Woodfill was

23  going to hit and kill plaintiff.  (Id.)

24        Plaintiff seeks better training for correctional officers, and money damages.

25  Discussion

26      Equal Protection Clause -- Fourteenth Amendment

27        The Equal Protection Clause requires the State to treat all similarly situated people

28  equally.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  However, this

does not mean that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993).

To state a claim under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) he is a member of a protected class and (2) that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). Or, in the alternative, plaintiff must show that he was intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff only speaks Spanish, alleges defendant's conduct was due to plaintiff's nationality, and plaintiff appears to be Hispanic. Liberally construed, plaintiff contends that defendant discriminated against plaintiff due to his ethnicity because plaintiff does not speak English. Specifically, defendant allegedly intentionally discriminated against plaintiff on the basis of his membership in a protected class, and defendant's refusal to allow plaintiff access to the law library and to the yard served no legitimate state purpose. Rather, defendant's actions were solely based on plaintiff's ethnicity and inability to speak English. Therefore, for the limited purposes of § 1915A screening, finds that plaintiff's second amended complaint states a potentially cognizable Fourteenth Amendment claim against defendant Woodfill. See 28 U.S.C. § 1915A.

Eighth Amendment - Denial of Right to Outside Exercise

Plaintiff claims that defendant Woodfill deliberately denied plaintiff access to the yard from November 1, 2018, until December 2019, for more than two months, resulting in plaintiff feeling weak and suffering skin allergies, "trouble with his skin," due to a lack of sunshine, for which he was unable to obtain medical care. (ECF No. 19 at 12, 18.) Plaintiff meets the subjective prong of his Eighth Amendment claim by alleging facts showing defendant's deliberate indifference based on defendant's alleged refusal to allow plaintiff to attend yard simply because plaintiff does not speak English. The lengthy denial meets the objective standard. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (plaintiff's claim that he was denied all

outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim.)  Plaintiff's factual allegations as to the adverse medical impact are also minimally sufficient for purposes of screening.  The undersigned finds plaintiff states a potentially cognizable Eighth Amendment claim.

Plaintiff's Remaining Claims

      Access to the Courts

As plaintiff was previously informed, plaintiff must specifically identify an "actual injury" he suffered as a result of defendant's actions.  (ECF No. 15 at 4.)  Plaintiff was advised that he could not "merely allege that he lost 'more than two court deadlines,'" but must identify the type of court case, and explain the specific loss he suffered as a result of defendant's actions.  (Id., quoting ECF No. 13 at 4.)

Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.  See Lewis, 518 U.S. at 353 n.3, 354-55.  In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine.  Lewis, 518 U.S. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

Here, plaintiff's claim that he suffered a "delay of process" is insufficient to demonstrate an actual injury.  Moreover, simply reciting cases where such delay "possibly" occurred is also insufficient.  Plaintiff was previously informed that the court does not investigate claims on behalf of litigants.  That said, the court has reviewed the cases filed in the Eastern District of

////

California[1] and found that plaintiff was able to file complaints and to prosecute such actions during the relevant time frame of November 2018 through December of 2019, two of which remain pending at this time.[2]  Because plaintiff fails to plead facts demonstrating he sustained an actual injury, plaintiff's access to the courts claim should be denied.

Retaliation

Finally, plaintiff claims he is pursuing a retaliation cause of action.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to identify conduct protected by the First Amendment that plaintiff contends caused defendant to take adverse action against plaintiff.  Generally, protected conduct is the filing of administrative grievances or court actions.  Here, plaintiff claims that defendant began

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] In Rodriguez v. Curry, Case No. 1:17-1407 DAD SKO (E.D. Cal.), on January 31, 2019, plaintiff filed objections to the recommendation that plaintiff's pleading failed to state a claim.  On February 25, 2019, the district court overruled plaintiff's objections that his personal property was confiscated and not returned and failed to provide him with receipts for property he had purchased, because plaintiff could not state a cognizable federal civil rights claim based on the deprivation of personal property.  Rather, plaintiff's sole remedy was in state court.  Id.  In Rodriguez v. Orozco, No. 1:19-0048 AWI GSA (E.D. Cal.), plaintiff filed his civil rights complaint on December 12, 2019, and an amended complaint on February 25, 2019.  Pending are recommendations allowing plaintiff's excessive force and Eighth Amendment medical claims to proceed.  Id.  In Rodriguez v. Bodukam, No. 2:19-0146 DMC (E.D. Cal.), plaintiff filed a complaint on January 23, 2019, and following an order granting defendants' motion to dismiss, plaintiff filed an amended complaint on January 23, 2020.

retaliating after their verbal confrontation over the covering of plaintiff's windows, and plaintiff told defendant Woodfill to "Shut up, stupid!" (ECF No. 19 at 12.) But plaintiff identifies no conduct protected by the First Amendment that allegedly caused defendant's alleged adverse actions. Similarly, to the extent plaintiff believes that defendant retaliated against plaintiff because plaintiff does not speak English, such action does not implicate conduct protected under the First Amendment.

Thus, plaintiff's retaliation claim should be dismissed.

Conclusion

Plaintiff has amended his complaint multiple times. Despite multiple efforts, it appears plaintiff is unable to allege facts supporting his access to the courts and retaliation claims, and therefore the court finds that granting plaintiff an additional opportunity in which to amend would be futile. The court recommends dismissal of such First Amendment claims. Once the district court rules on the findings and recommendations, the undersigned will order service of process on defendant as to plaintiff's Eighth and Fourteenth Amendment claims.

Accordingly, IT IS HEREBY ORDERED that the allegations in the second amended complaint (ECF No. 19) are sufficient to state potentially cognizable Eighth and Fourteenth Amendment claims against defendant D. Woodfill. See 28 U.S.C. § 1915A.

Further, IT IS HEREBY RECOMMENDED that plaintiff's First Amendment access to the courts and retaliation claims be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2020

/ruiz2118.56

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE