UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. WOODFILL,<br><br>　　　　　Defendant. | No. 2:19-cv-2118 MCE KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff renews his request for the court to appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id. Circumstances

1

1  common to most prisoners, such as lack of legal education and limited law library access, do not
2  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.
3    Having considered the factors under Palmer, the court finds that plaintiff has not met his
4  burden of demonstrating exceptional circumstances warranting the appointment of counsel at this
5  time.
6    On August 19, 2020, plaintiff filed a motion for extension of time referencing three of his
7  pending cases, including this one.  However, at this time, there are no deadlines pending for
8  plaintiff in this action.  Plaintiff has filed objections to the findings and recommendations, which
9  have been submitted to the district court for consideration.  The undersigned will issue no further
10 orders until after the district court rules on the findings and recommendations.  Therefore,
11 plaintiff's motion for extension of time is unnecessary at this time and is denied.
12   Accordingly, IT IS HEREBY ORDERED that:
13   1.  Plaintiff's motion for the appointment of counsel (ECF No. 23) is denied without
14 prejudice; and
15   2.  Plaintiff's motion for extension of time (ECF No. 24) is denied.
16 Dated:  August 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ruiz2118.31(3)