UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>            Plaintiff,<br><br>    v.<br><br>D. WOODFILL,<br><br>            Defendant. | No.  2:19-cv-2118 MCE KJN P<br><br><br>ORDER |

Plaintiff moves the court to reconsider its decision of September 3, 2020 order dismissing plaintiff's First Amendment retaliation claims against defendant Woodfill.  (ECF No. 26.)  Plaintiff asserts that he stated a retaliation claim against defendant because Woodfill "acted in vengeance when he told plaintiff you are 'piece of shit' is clear" that Woodfill referred to plaintiff's conviction.  (ECF No. 30 at 1.)

Although motions to reconsider are directed to the sound discretion of the court, Frito–Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  Id.  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different

evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir.1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir.1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D.Cal.1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa.1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

Plaintiff's new claim that defendant's wrongful actions against plaintiff were based on plaintiff's conviction does not constitute conduct on the part of plaintiff that is protected under the First Amendment.[1]  Thus, plaintiff fails to identify new or different facts or circumstances that warrant reconsideration of the court's order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated:  October 16, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).