1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROGELIO MAY RUIZ,                          No.  2:19-cv-2118 MCE KJN P

12                   Plaintiff,

13           v.                                   ORDER

14    D. WOODFILL,

15                   Defendant.

16

17          Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  This action proceeds

18    on plaintiff's second amended complaint alleging that defendant Woodfill discriminated against

19    plaintiff in violation of the Fourteenth Amendment, and denied plaintiff outside exercise, in

20    violation of the Eighth Amendment.  On January 14, 2021, defendant filed a motion to revoke

21    plaintiff's in forma pauperis status.  On February 18, 2021, plaintiff filed a motion to appoint

22    counsel and an opposition; while the motion to appointment counsel is written in English, the

23    opposition is completely written in Spanish.  Plaintiff seeks the appointment of an interpreter.

24    (ECF No. 47 at 1, 4.)

25          On March 12, 2021, defendant filed a reply, pointing out that all filings in federal court

26    must be written in English, and providing documents that suggest plaintiff has a history of falsely

27    claiming he is unable to understand or speak English, and providing plaintiff's Effective

28    Communication Chrono that noted plaintiff's mental health provider Dr. Lewis "stated that

1

1    plaintiff understands and can read English clearly."  (ECF No. 48 at 5.)

2            Request for Interpreter

3            Plaintiff has not shown that this court has the authority to appoint him an interpreter.

4    "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when

5    authorized by Congress. . . .'"  Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United

6    States v. MacCollom, 426 U.S. 317, 321 (1976)).  The undersigned is unaware of any statute

7    authorizing the expenditure of public funds for a court-appointed interpreter in a civil action.  The

8    in forma pauperis statute does not authorize the expenditure of public funds for court-appointed

9    interpreters.  See 28 U.S.C. § 1915; Loyola v. Potter, 2009 WL 1033398, at *2 (N.D. Cal. Apr.

10   16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and,

11   moreover, has no funds to pay for such a program."); Mendoza v. Blodgett, 1990 WL 263527, at

12   *15 (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to

13   appoint an interpreter in civil in forma pauperis actions."); compare Fed. R. Civ. P. 43(d)

14   (granting a trial judge discretion to appoint an interpreter for trial).

15           Moreover, the record reflects that plaintiff has sufficient proficiency with the English

16   language to prepare an original complaint, and to pursue his claims in this action.  See Velez v.

17   Burge, 2009 WL 3459744, *2 (W.D. N.Y. Oct. 20, 2009) (denying pro se plaintiff's request for

18   appointment of an interpreter because the record showed that the plaintiff had sufficient

19   proficiency with the English language to prosecute the claims asserted in the complaint).  Plaintiff

20   has met deadlines and sought extensions of time.  While Spanish may be plaintiff's primary

21   language, there is no indication in the record that plaintiff is unable to prepare court papers and to

22   communicate with the court.  See Cisnevas-Garcia v. Shipman, 2010 WL 3491359, at *5 (N.D.

23   N.Y. Aug. 31, 2010).  The exhibits provided by defendant reflects plaintiff communicates with

24   prison staff in English, and his mental health provider confirmed his ability to communicate in

25   English with his mental health professional.

26           In addition, prior court filings by plaintiff further demonstrate such ability.  In Ruiz v.

27   Orozco, No. 1:19-cv-0048 AWI GSA (E.D. Cal.), plaintiff filed his initial complaint in English,

28

                                                     2

1    with no notation he was assisted by another prisoner.[1]  In Ruiz v. Sadler, No. 2:19-cv-0147 EFB

2    (E.D. Cal.), plaintiff filed his initial complaint in English, again noting no assistance from another

3    prisoner.  Id.

4         In addition, plaintiff was previously informed that all court filings must be submitted in

5    English.  Ruiz v. Mobert, No. 1:17-cv-0709 AWI JDP (E.D. Cal.) ("Plaintiff must seek assistance

6    at the prison if he cannot complete his court filings in English on his own, as he has done thus

7    far."  Id., July 5, 2017 Order (ECF No. 8 at 1), citing Lewis v. Casey, 518 U.S. 343, 356 (1996);

8    Ruiz v. Arakaki, No. 1:17:1404 AWI SAB (E.D. Cal.).  Id., Oct. 20, 20117 Order (ECF No. 24 at

9    2) (same).  In Arakaki, the court added:  "The use of jailhouse lawyers is one recognized avenue

10    available to ensure that non-English speaking and/or illiterate inmates have meaningful access to

11    the courts," citing Lewis, 518 U.S. at 356-57.

12         As noted by defendant, plaintiff is required to file documents in English.  Therefore, the

13    court disregards plaintiff's opposition filed in Spanish (ECF No. 47 at 1-2), and grants plaintiff an

14    additional twenty-one days in which to file an opposition in English.  The court does not provide

15    interpreters for litigants.  Plaintiff is cautioned that failure to comply with this order may result in

16    an order granting defendant's pending motion.

17         Motion for Appointment of Counsel

18         Plaintiff requests that the court appoint counsel.  District courts lack authority to require

19    counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

20    Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

21    to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23    When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

24    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

25

26    [1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285

27    F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both
within and without the federal judicial system, if those proceedings have a direct relation to
matters at issue") (internal quotation omitted).

28

1   se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

2   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

3   burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

4   common to most prisoners, such as lack of legal education and limited law library access, do not

5   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

6           Having considered the factors under Palmer, the court finds that plaintiff has failed to

7   meet his burden of demonstrating exceptional circumstances warranting the appointment of

8   counsel at this time.[2]

9           Request to Waive Fees

10          Plaintiff previously filed a request to waive court fees.  (ECF No. 44.)  However, as

11  explained in the December 12, 2019 order, litigants proceeding in forma pauperis are still

12  required to pay the court's filing fee but are allowed to have the fee collected in payments from

13  the inmate's prison trust account.  (ECF No. 9.)  Congress required district courts to assess such

14  fees, despite the litigant's indigency.  28 U.S.C. § 1915(b).  Thus, plaintiff's request to waive fees

15  is denied.

16          Orders

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Plaintiff's request for an interpreter is denied.

19          2.  Plaintiff is granted twenty-one days in which to file an opposition in English.

20          3.  Plaintiff's motion for the appointment of counsel (ECF No. 47) is denied without

21  prejudice.

22  _____

23  [2]  Plaintiff included a request that he be paid money for all of his lost property; such request bears
    the case information Ruiz v. Curry, No. 1:17-cv-1407 DAD SKO (E.D. Cal.).  (ECF No. 47 at 4.)

24  Court records confirm that such case was terminated on February 25, 2019, and plaintiff's appeal
    was dismissed.  Id.  The instant action does not include any claims concerning the taking of

25  property, and, as plaintiff was informed in Curry, plaintiff must pursue such claims in state court.
    Id. (January 13, 2019 findings and recommendations) (ECF No. 28 at 5).

26
       Plaintiff also appended a number of documents bearing other case numbers and tort claims

27  filed with the State of California, none of which are relevant to the instant action.  (ECF No. 47 at
    5-61.)  Such exhibits congest the court record.  Plaintiff should refrain from filing exhibits until

28  he is required to submit evidence in support of a dispositive motion or at trial.

1          4.  Plaintiff's request to waive court fees (ECF No. 44) is denied.

2    Dated:  March 18, 2021

3

4                                                     _____
                                                      KENDALL J. NEWMAN
5    /ruiz2118.interp                                 UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28