UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>     Plaintiff,<br><br>     v.<br><br>D. WOODFILL,<br><br>     Defendant. | No.  2:19-cv-2118 MCE KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff renews his request for the appointment of counsel.  Plaintiff asks the court to appoint a bilingual attorney to also serve as an interpreter for plaintiff.  The court is unable to read the rest of plaintiff's motion because it is written in Spanish.  (ECF No. 51 at 1-5 (§ III to end).)

Plaintiff has been informed that the court has no authority to appoint an interpreter.  (ECF No. 49 at 2.)  See also Ruiz v. Orozco, No. 1:19-cv-0048 AWI GSA (E.D. Cal. Aug. 13, 2020).  Moreover, as was previously explained to plaintiff, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

1

likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Although plaintiff's circumstances are challenging, such circumstances do not demonstrate that plaintiff's case is exceptional under the law.  Indeed, in light of the pending motion to revoke plaintiff's in forma pauperis status, it is unclear at this juncture whether the instant action will be heard on the merits.  Following review of the record, the court does not find the exceptional circumstances in this case required by the Ninth Circuit.

However, in an abundance of caution, plaintiff is granted one final extension of time to file, in English, an opposition to the pending motion.  Plaintiff's failure to timely comply with this order will result in a recommendation that the motion be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 51) is denied without prejudice; and

2. Plaintiff is granted thirty days from the date of this order to file, in English, an opposition to defendant's January 14, 2021 motion (ECF No. 40).

Dated:  April 23, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/kly/cw/ruiz2118.31(2)

2