UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. WOODFILL,<br><br>　　　　　Defendant. | No. 2: 19-cv-2118 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds without counsel and with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 38.) For the reasons stated herein, the undersigned recommends that defendant's motion be granted.

Background

On February 4, 2021, the undersigned ordered plaintiff to file an opposition to defendant's motion within thirty days. (ECF No. 46.) On February 18, 2021, plaintiff filed an opposition, which was written in Spanish. (ECF No. 47.) On March 18, 2021, the undersigned again directed plaintiff to file an opposition in English, and granted plaintiff an additional twenty-one days in which to do so. (ECF No. 49.) Plaintiff was cautioned that failure to comply with the court's order may result in an order granting defendant's pending motion. (ECF No. 49 at 3.) On April 23, 2021, the undersigned denied plaintiff's motion for appointment of counsel and granted

1

plaintiff another thirty days in which to file, in English, an opposition to defendant's pending motion. (ECF No. 52.) Plaintiff did not file an opposition in English. Rather, on May 5, 2021, plaintiff again filed a document in Spanish with some English, which appears to request that the court review his opposition which was written in Spanish. (ECF No. 53.) On May 28, 2021, defendant filed a reply. (ECF No. 55.)

On February 4, 2021, plaintiff was cautioned that failure to file an opposition may be deemed a waiver of any opposition to the granting of the motion, and that failure to comply with the Local Rules may be grounds for the imposition of sanctions, including a recommendation that this action be dismissed. (ECF No. 46.)

Governing Standards

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

2

Discussion

In the motion to revoke, defendants argue that plaintiff had at least three prior actions dismissed because they failed to state a claim, or were frivolous or malicious. The undersigned discusses these cases herein.

Ruiz v. Mcguire, No. 3:16-cv-0388 (S.D. Cal. 2016); on February 22, 2016, plaintiff's complaint was dismissed for failure to state a claim, and plaintiff was granted leave to file an amended complaint. Id. (ECF No. 5.) On May 9, 2016, the action was dismissed with prejudice for failure to comply with the court's order requiring plaintiff to file an amended complaint, and for failure to state a claim. (ECF No. 40-2 at 4-16.)

Ruiz v. Romero, No. 3:16-cv-3134 (S.D. Cal. 2017); plaintiff failed to comply with April 17, 2017, and May 3, 2017 orders requiring him to comply with Rule 8; on May 25, 2017, his action was dismissed with prejudice for failure to comply with Fed. R. Civ. P. 8. (ECF No. 40-2 at 18-22.)

Ruiz v. Curry, No. 1:17-cv-1454 (E.D. Cal. 2018), dismissed with prejudice for failure to state a claim upon which relief may be granted. (ECF No. 40-2 at 24-30.)

Ruiz v. Curry, No. 1:17-cv-1407 (E.D. Cal. 2019), dismissed with prejudice for failure to state a cognizable claim. (ECF No. 40-2 at 31-46.)

Ruiz v. Curry, No. 19-16456 (9th Cir. 2019), plaintiff was denied in forma pauperis status, and his appeal was dismissed as frivolous. (ECF No. 40-2 at 48-50.)

In Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013), the Ninth Circuit found that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)[]." 738 F.3d at 1110 (emphasis in original). The district court dismissed case No. 3:16-cv-3134, following plaintiff's repeated violation of Rule 8(a)'s "short and plain statement" requirement. For this reason, the undersigned finds that case No. 3:16-cv-3134 is a strike pursuant to § 1915(g).

////
////

The remaining cases cited by defendant were dismissed for failure to state a claim or as frivolous, all meeting the requirements of 28 U.S.C. § 1915(g). Thus, defendant has shown that prior to filing this action, plaintiff sustained five strikes under 28 U.S.C. § 1915(g).

Because defendant has demonstrated that plaintiff has sustained at least three strikes under 28 U.S.C. § 1915(g), plaintiff may not proceed in forma pauperis in this action unless plaintiff demonstrates that at the time he filed the instant action, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Imminent Danger

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Courts have stressed that allegations of imminent danger must be supported by specific, credible allegations of harm. McNeil v. United States, 2006 WL 581081 (W.D. Wash. Mar. 8, 2006), by allegations showing that the danger faced is "real, proximate, and/or ongoing," Andrews, 493 F.3d at 1056, and by allegations that are not speculative, Brown v. Newsom, 2019 WL 2387762, at *1 (E.D. Cal. June 6, 2019). Plaintiff must have shown that he faced a "genuine emergency" and "time [was] pressing." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

As argued by defendant, plaintiff's July 20, 2020 pleading does not allege that plaintiff faced imminent danger of serious physical injury. (ECF No. 19.) Rather, plaintiff seeks money damages based on the alleged past conduct of defendant, based on plaintiff's allegation that from November 1, 2018, until December 2019, defendant Woodfill denied plaintiff access to the yard and to the law library, and subjected plaintiff to verbal threats. (ECF No. 19.)

////

////

Therefore, plaintiff does not meet the imminent danger exception described in 28 U.S.C. § 1915(g), and may proceed in this action only if he first pays the filing fee. Plaintiff is cautioned that failure to pay the filing fee will result in the dismissal of this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 40) be granted;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

3. Plaintiff be ordered to pay the $402.00 filing fee within thirty days of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 30, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ruiz2118.mtd.1915