IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. WOODFILL,<br><br>　　　　　Defendant. | No. 2:19-cv-02118-MCE-KJN-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Reconsideration (ECF No. 30) of the Court's September 3, 2020, Order (ECF No. 26) adopting the Magistrate Judge's July 24, 2020, findings and recommendations (ECF No. 22).

　　　　A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.

1

1993)).  Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order.  Reconsideration under that tule is nonetheless an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e).  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or

evidence could reasonably have been raised earlier in the litigation. <u>389 Orange St. Partners</u>, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." <u>Costello v. United States</u>, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); <u>see also</u> <u>Taylor</u>, 871 F.2d at 805.  This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." <u>Costello</u>, 765 F. Supp at 1009 (internal citations omitted).  Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional change to sway the judge." <u>Frito-Lay of P.R., Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting <u>Durkin v. Taylor</u>, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

Plaintiff here has not demonstrated that he is entitled to reconsideration under any of the aforementioned principles.  While Plaintiff argues that he was retaliated against  by being denied, among other things, yard and law library access, he makes no attempt to counter the Magistrate Judge's determination that he identified no protected conduct under the First Amendment action as a result of which that retaliation allegedly occurred.  Nor has he shown any changed facts or circumstances or pointed to any clear error.  Plaintiff's Motion for Reconsideration (ECF No. 30) is accordingly DENIED.

IT IS SO ORDERED.

Dated:  July 1, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE