1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROGELIO MAY RUIZ,                          No.  2:19-cv-2118 MCE KJN P

12                  Plaintiff,

13          v.                                   ORDER

14    D. WOODFILL,

15                  Defendant.

16

17          Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C.

18    § 1983.  Plaintiff requests that the court appoint an attorney interpreter; the court construes the

19    request as a request for counsel.  District courts lack authority to require counsel to represent

20    indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

21    (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent

22    such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

23    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining

24    whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of

25    success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of

26    the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

27    (district court did not abuse discretion in declining to appoint counsel).  The burden of

28    demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most

                                                  1

1    prisoners, such as lack of legal education and limited law library access, do not establish

2    exceptional circumstances that warrant a request for voluntary assistance of counsel.

3        Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

4    burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

5    time.  Indeed, plaintiff was previously denied the appointment of counsel, as well as an

6    interpreter.  (ECF No. 52.)

7        Plaintiff also request an extension of time to file objections to the June 30, 2021, findings

8    and recommendations.  Good cause appearing, plaintiff's request will be granted.

9        Accordingly, IT IS HEREBY ORDERED that:

10    1. Plaintiff's motion for the appointment of counsel (ECF No.59) is denied without

11        prejudice;

12    2. Plaintiff's motion for an extension of time (ECF No. 59) is granted; and

13    3. Plaintiff is granted thirty days from the date of this order in which to file objections to

14        the findings and recommendations.

15    Dated:  August 6, 2021

16

17                           KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE

18

19    ruiz2118.31+36

20

21

22

23

24

25

26

27

28

2