UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:19-cv-2118 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. WOODFILL, | |
| Defendant. | |

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis. On June 30, 2021, the undersigned recommended that defendants' motion to revoke plaintiff's in forma pauperis status be granted, and that plaintiff be required to pay the court's filing fee in full before this action may proceed. On August 6, 2021, plaintiff was granted an additional thirty days in which to file objections. On August 9, 2021, plaintiff filed a second motion for extension of time, stating he had not received a ruling on his prior request. Plaintiff also renewed his request that the court appoint an interpreter.

In light of the order granting plaintiff additional time to file objections, plaintiff's second motion is denied as moot. As to plaintiff's renewed request for an interpreter, plaintiff was previously informed that this court lacks authority to appoint an interpreter. (ECF No. 49.) "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United

1

States v. MacCollom, 426 U.S. 317, 321 (1976)).  The undersigned is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action.  The in forma pauperis statute does not authorize the expenditure of public funds for court-appointed interpreters.  See 28 U.S.C. § 1915; Loyola v. Potter, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); Mendoza v. Blodgett, 1990 WL 263527, at *15 (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions."); compare Fed. R. Civ. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 61) is denied as moot; and

2. Plaintiff's request to appoint an interpreter (ECF No. 61) is denied.

Dated:  August 24, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ruiz2118.den.61